Nathaniel S.G. Braun, SBN 269087
*nbraun@sinclairbraun.com*
Samantha Aceves, SBN 339969
*saceves@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone: (213) 429-6100
Facsimile: (213) 429-6101

Attorneys for Plaintiff
AMERICAN SENTINEL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AMERICAN SENTINEL INSURANCE COMPANY,

Plaintiff,

vs.

NATIONAL FIRE AND MARINE INSURANCE COMPANY,

Defendant.

Case No.:

**COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION**

## STATEMENT OF THE CASE

1. This is an insurance coverage action regarding an underlying lawsuit now pending before the U.S. District Court, District of Arizona, styled *Zakeeius Leggions on behalf of Sophia Green, deceased, v. Tengfei Trucking Inc., et al.*, Case No. 3:21-cv-08057-JJT (the "Underlying Action"). The Underlying Action arises out of a commercial auto fatality accident in which a tractor-trailer rig, driven by underlying defendant and cross-complainant Alfred Green ("Green") collided with a tractor-trailer rig driven by underlying defendant Yongchau Chen ("Chen"). Chen was operating a 2015 Volvo power unit owned by Tengfei Trucking Inc. ("Tengfei"), and Chen was driving for Tengfei at the time of the accident. The underlying operative complaint is attached as Exhibit 1.

2. On July 2, 2020[1], Green filed a complaint for the accident against Big Brother Trucking Inc. ("Big Brother"), who owned the trailer attached to the Tengfei truck, which Big Brother had leased to Tengfei. In relevant part, that lease required Tengfei to indemnify Big Brother for any losses or claims, and to carry insurance covering the trailer. A copy of that lease agreement is attached as Exhibit 2.

3. Defendant National Fire and Marine Insurance Company ("National") issued a commercial auto liability policy to Tengfei. The policy insured Tengfei for its liability for bodily injury or property damage arising from the ownership, maintenance, or use of a covered auto – defined as autos owned by Tengfei, listed on the schedule of covered autos in the policy, and for which a premium was paid by Tengfei. The 2015 Volvo was a scheduled power unit on that policy. As discussed below, the terms of the National policy also obligate National to cover Big Brother as an additional insured. The National policy is attached here as Exhibit 3.

---

[1] Note, the Underlying Action was removed to Arizona, and refiled in 2021.





4. Big Brother tendered a claim for defense and indemnity to Tengfei and National in July, 2020. Big Brother did not get a response and continued to seek coverage in the ensuing months, and ASIC directly tendered to National on October 23, 2020. T65 correspondence is attached as Exhibit 4.

5. On March 2, 2022, National formally denied coverage claiming that, as the lessor of the attached trailer, Big Brother qualified as a "trucker" as defined in its policy, and because Big Brother did not carry auto liability insurance for hired 'autos' (even though it hired no autos here), National had no duty to defend or indemnify Big Brother. A true and correct copy of National's denial letter is attached hereto as Exhibit 5.

6. Plaintiff American Sentinel Insurance Company ("ASIC") issued a commercial auto liability policy to Big Brother. The policy also only covered scheduled autos. The Big Brother trailer is not a scheduled auto, and thus not covered under the ASIC policy. However, since National and Tengfei have failed to undertake their obligation to defend Big Brother, ASIC has provided Big Brother a defense under a reservation of rights, including the right to seek reimbursement.

7. Big Brother's only connection to this accident was as the lessor of the trailer, to Tengfei. Big Brother was not acting as a "trucker" as defined by National's policy (and that provision is anyway inapplicable as Big Brother did not "hire" any auto in connection with this accident). Thus, the policy provision National bases its denial for coverage is simply inapplicable, and National's coverage position is clearly and unreasonably wrong.

8. California law provides that National bears the primary insurance responsibility for this accident, and owes Big Brother a duty to defend and indemnify it as an additional insured up to its policy limits in the Underlying Action, as National insures the subject power unit. *See* Ins. Code, § 11580.9(h).

9. ASIC brings this suit against National to seek a judicial declaration of their respective rights and obligations under the National policy, and to seek



reimbursement for amounts paid in connection with the Underlying Action.

## JURISDICTION AND VENUE

10. Jurisdiction. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Additionally, this Court has jurisdiction for providing declaratory relief under 28 U.S.C. § 2201.

11. Venue. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because the commercial auto policy at issue was delivered to Rancho Cucamonga, California and that is in the Central District.

12. An actual controversy exists regarding the rights, duties, and obligations of the parties regarding liability coverage for Big Brother regarding the Underlying Action, as an additional insured, under the commercial auto liability insurance policy issued by National to Tengfei.

## THE PARTIES

13. Plaintiff ASIC is a Pennsylvania corporation, with its principal place of business in Phoenix, Arizona.

14. Defendant National is a Nebraska corporation, with its home office in Omaha, Nebraska.

15. The National insurance policy was issued to Tengfei in Rancho Cucamonga, California.

## GENERAL ALLEGATIONS

16. ASIC is informed and believes, and based thereon alleges that on or about March 15, 2020, the subject truck – a 2015 Volvo Tractor, VIN#4V4NC9EH0FN919156 – was driving on Interstate Highway 10 in Apache County, Arizona when non-party, Alfred Green, collided with the subject truck's attached trailer. As a result of the collision, Green's passenger, Sophia Green, was fatally injured.



17. Zakeeius Leggions filed the Underlying Action, on behalf of Sophia Green, against the truck's owner – Tengfei, the truck's operator – Chen, the trailer's lessor – Big Brother, and Alfred Green's employer – Contract Freighters, Inc.

18. Alfred Green filed a cross-complaint against Chen, Tengfei, and Big Brother seeking damages for negligence, wrongful death, and punitive damages arising from the collision.

**THE NATIONAL POLICY**

19. National issued an insurance policy to Tengfei, Policy number 72TRS099335, effective March 16, 2019 to March 16, 2020 (the "Policy").

20. The Policy provides coverage to Big Brother under two different provisions. First, the Policy provides that "[t]he owner or anyone else from whom you [Tengfei] hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit… []." (Ex. 5, p. 18, section (A)(1)(c).) Here, Tengfei leased (hired) Big Brother's trailer, and the leased trailer was connected to Tengfei's covered auto at the time of the collision. Big Brother qualifies as an insured under this provision alone.

21. The Policy also covers "[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability." (*Id.* at section (A)(1)(e).) Here, Big Brother's liability in the Underlying Action, if any, would be derivative of the use of Tengfei's truck (and both Tengfei and the truck operator qualify as an "insured"). As such, Big Brother also qualifies as an insured under the Policy through this "omnibus" clause.

22. On March 2, 2022, National denied coverage, arguing that Big Brother qualified as a "trucker" did not carry auto liability insurance for hired 'autos', National had no duty to defend or indemnify Big Brother under an exception to the definition of "who is an insured.".

23. The Policy purports to exclude from coverage a "trucker" "[i]f the

'trucker' is not insured for hired 'autos' under an 'auto' liability insurance form that insures on a primary basis the owners of the 'autos' and their agents and 'employees' while the 'auto's are being used exclusively in the 'trucker's' business and pursuant to operating rights granted to the 'trucker' by a public authority" then they do not qualify as an "insured." (Ex. 5, p. 18, section (a)(2).)

24. The Policy defines a "trucker" as "any person or organization engaged in the business of transporting property by 'auto' for hire." *See* Policy, p. 20, section (E)(3).

25. Big Brother was not acting as a "trucker" in connection with this haul. Rather, Big Brother merely leased the trailer to Tengfei under the Trailer Lease Agreement. As such, Big Brother could not be "trucker" when it was not "engaged in the business of transporting property by 'auto' for hire" and only leased the subject trailer to National's insured.

26. As an additional insured, under the Policy, National owes both a duty to defend and a duty to indemnify Big Brother in the Underlying Action.

## NATIONAL ALSO OWES A DUTY TO COVER BIG BROTHER UNDER THE TRAILER LEASE AGREEMENT AND THE INSURED CONTRACT COVERAGE REQUIREMENTS IN THE NATIONAL POLICY

27. Big Brother is also entitled to insurance and indemnity under the Trailer Lease Agreement (Ex. 2), under which Tengfei agreed to defend and indemnify Big Brother and committed to purchase insurance covering Big Brother and the trailer.

28. National's Policy also obligates it to cover Tengfei for its liability to third parties, including Big Brother, under the "insured contract" coverage in the Policy. (Ex. 5 at p. 23.)

## FIRST CAUSE OF ACTION

## FOR DECLARATORY RELIEF

29. ASIC re-alleges and incorporates by this reference all preceding



SINCLAIR BRAUN LLP

paragraphs above, in their entirety, as though fully set forth herein.

30. An actual controversy has arisen and now exists between ASIC and National concerning the availability of coverage under the National Policy in connection with the Underlying Action or the conduct alleged therein.

31. First, the plain language of the National Policy makes Big Brother an "insured" under the National Policy, and National is required to defend and indemnify Big Brother. Big Brother was only ever a lessor of the trailer, and as lessor of trucking equipment, Big Brother was not engaged as a trucker at the time of the collision. Big Brother also did not "hire" any auto here, to the contrary, Tengfei (National's named insured) hired Big Brother's trailer.

32. Second, National provides primary insurance coverage to Big Brother, and thus is required to assume the full cost of defense, and indemnity up to its limits, of Big Brother, including pursuant to California Insurance Code section 11580.9, which provides in relevant part:

> (h) Notwithstanding subdivision (b), when two or more policies affording valid and collectible automobile liability insurance apply to a power unit and an attached trailer or trailers in an occurrence out of which a liability loss shall arise, and one policy affords coverage to a named insured in the business of a trucker, defined as any person or organization engaged in the business of transporting property by auto for hire, then the following shall be conclusively presumed: If at the time of loss, the power unit is being operated by any person in the business of a trucker, the insurance afforded by the policy to the person engaged in the business of a trucker shall be primary for both power unit and trailer or trailers, and the insurance afforded by the other policy shall be excess.

33. ASIC is informed and believes, and based thereon alleges that National disputes ASIC's contentions herein, and as such this dispute is ripe for adjudication.





34. Accordingly, and pursuant to 28 U.S.C. §§ 2201 and 2202, ASIC requests a declaration from this court that National has the duty to defend and indemnify Big Brother in connection with the Underlying Action or the conduct alleged therein.

**SECOND CAUSE OF ACTION**

**FOR EQUITABLE CONTRIBUTION**

35. ASIC re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

36. Big Brother tendered defense of the Underlying Action to Tengfei, and to National, in summer of 2020. National stonewalled, and did not respond until March of 2022.

37. While ASIC does not cover Big Brother in connection with the Underlying Action or subject collision, it resolved to protect its insured from the risk of default – a consequence of National's refusal to accept defense. And so ASIC agreed to provide a defense to Big Brother subject to a reservation of its rights under its policy, including the right to seek reimbursement of all amounts paid in the defense of claims not covered.

38. The National policy covers Big Brother as an insured in connection with the Underlying Action and collision. ASIC's policy does not, or at a minimum is excess to National's insurance. National thus bears the primary responsibility to defend and indemnify Big Brother.

39. National has refused to undertake its responsibility, forcing ASIC to spend over $75,000 in the ongoing defense of Big Brother in the Underlying Action.

40. All of these amounts were incurred for the defense of claims covered under the National policy.

41. ASIC is entitled to equitable contribution against National, and is entitled to recover from National all amounts ASIC has paid, or will pay, in the





defense of Big Brother in connection with the Underlying Action.

**PRAYER**

Wherefore, ASIC prays for relief as follows:

42. On its First Cause of Action, for Declaratory Relief, for a judicial declaration that National owes a duty to defend and indemnify Big Brother in connection with the Underlying Action or Big Brother's alleged conduct asserted therein.

43. On its Second Cause of Action, for Equitable Contribution of amounts paid in the defense of Big Brother in the Underlying Action for claims that were covered under the Policy.

44. For pre-judgment and post-judgment interest.

45. For costs of suit herein.

46. And for such other and further relief as this Court may deem just and proper.

Dated: April 19, 2022

SINCLAIR BRAUN LLP

By: *_/s/-Nathaniel S.G. Braun_*
NATHANIEL S.G. BRAUN
Attorneys for Plaintiff
AMERICAN SENTINEL INSURANCE COMPANY

