1    Michael W. Melendez (SBN 125895)
     COZEN O'CONNOR
2    101 Montgomery Street, Suite 1400
     San Francisco, CA 94104
3    Telephone: 415.644.0914
     Facsimile: 415.644.0978
4    E-mail: mmelendez@cozen.com

5    Attorney for Defendant
     NATIONAL FIRE & MARINE
6    INSURANCE COMPANY

7

8           **UNITED STATES DISTRICT COURT**

9       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11    AMERICAN SENTINEL        Case No.: 2:22-cv-02602-PA-AS
     INSURANCE COMPANY,
12
                             **DEFENDANT'S MEMORANDUM**
13              Plaintiff,    **OF POINTS AND AUTHORITIES**
                             **IN SUPPORT OF ITS MOTION**
14           vs.                      **FOR JUDGMENT ON THE**
                             **PLEADINGS**
15    NATIONAL FIRE AND MARINE
     INSURANCE COMPANY,
16                              **Date: January 30, 2023**
17             Defendant.    **Time: 1:30 p.m.**
                             **Hon. Percy Anderson**
18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................. 1

   A.   The Underlying Action ........................................................................... 1

      1.   Allegations of The Leggions Complaint .......................................... 2

      2.   Allegations of Green's Cross-Complaint ........................................ 2

      3.   Big Brother's Answers in the Underlying Action ............................ 3

   B.   ASIC's Complaint .................................................................................. 3

   C.   The National and ASIC Policies ............................................................ 4

   D.   Tender of Defense to National and Declination of Coverage ............... 6

III.  CHOICE OF LAW ......................................................................................... 7

IV.   LEGAL STANDARD ..................................................................................... 7

   A.   Judgment on the Pleadings .................................................................... 7

   B.   Policy Interpretation and the Duty to Defend ...................................... 8

V.    ARGUMENT .................................................................................................. 9

   A.   Big Brother Is Not An "Insured" Under the Policy's Plain Language And, Therefore, No Coverage Is Owed ................................................. 9

      1.   Big Brother Qualifies as a "Trucker" under the Trucker's Endorsement .......................... 9

         a)   Big Brother Admits That It Qualifies as a "Trucker" .................... 9

         b)   The Complaint and Cross-Complaint Filed in the Underlying Action Seek to Impose Liability on Big Brother in its Capacity as a "Trucker" ............ 10

      2.   As a "Trucker" Without the Requisite "Hired Autos" Coverage, Big Brother is Not an "Insured" under the National Policy. ................. 12

      3.   Big Brother's Alleged "Lessor" Status Does Not Implicate Coverage ........................... 15

   B.   The Lease Agreement Does Not Qualify as an "Insured Contract" .................................. 16

   C.   ASIC Lacks Standing to Seek Equitable Contribution ........................ 19

   D.   National Has No Duty to Indemnify Big Brother; In the Alternative, a Finding on Indemnity is Premature ........................................ 19

   E.   Any Request to Amend to the Complaint Should be Denied as Futile ............... 20

VI.   CONCLUSION ............................................................................................. 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adir Int'l, LLC v. Starr Indem. & Liab. Co.*,
  No. 2:19-CV-04352-R-PLA, 2019 WL 4462613 (C.D. Cal. Sept. 10, 2019),
  aff'd, 994 F.3d 1032 (9th Cir. 2021)........................................................................ 19

*Airborne Am., Inc. v. Kenway Composites*,
  554 F. Supp. 3d 1066 (S.D. Cal. 2021) ................................................................... 18

*Are-east River Sci. Park, LLC v. Lexington Ins. Co.*,
  No. CV1301837BROJCGX, 2014 WL 12587051 (C.D. Cal. Mar. 27, 2014)......................... 7

*Bay Cities Paving Grading, Inc. v. Lawyers' Mut. Ins. Co.*
  (1993) 5 Cal. 4th 854 (1993)................................................................................. 8

*Clemco Indus. v. Com. Union Ins. Co.*,
  665 F. Supp. 816 (N.D. Cal. 1987) .......................................................................... 7

*Daversa-Evdyriadis v. Norwegian Air Shuttle ASA*,
  No. EDCV 20-767-JGB(SPX), 2020 WL 5625740 (C.D. Cal. Sept. 17, 2020) ................. 10

*Dhein v. Frankenmuth Mut. Ins. Co.*,
  950 N.W.2d 861 (Wis. App. Ct. 2020) .................................................................. 18

*Fireman's Fund Ins. v. Maryland Cas. Co.*,
  65 Cal. App. 4th 1279 (1998)................................................................................ 18

*Fodrey v. City of Rialto*,
  No. 518CV02434SJOSPX, 2020 WL 1934975 (C.D. Cal. Mar. 31, 2020), aff'd,
  860 F. App'x 505 (9th Cir. 2021) ........................................................................... 7

*Gerritsen v. Warner Bros. Ent. Inc.*,
  112 F. Supp. 3d 1011 (C.D. Cal. 2015).................................................................. 10

*Gumapac v. Deutsche Bank Nat. Tr. Co.*,
  No. 2:11-CV-10767-ODW, 2012 WL 3150657 (C.D. Cal. July 30, 2012) ..................... 18

*Gutowitz v. Transam. Life Ins. Co.*,
  126 F. Supp. 3d 1128 (C.D. Cal. 2015).................................................................. 16

*Harris v. Cnty. of Orange*,
  682 F.3d 1126 (9th Cir. 2012)................................................................................ 2

*Hartford Cas. Ins. Co. v. Corcino & Assocs.*,
  No. CV 13-3728 GAF JCX, 2013 WL 5687527 ....................................................... 8

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
 189 F.3d 971 (9th Cir. 1999)......................................................................................... 2

*Horace Mann Ins. Co. v. Barbara B.*
 4 Cal. 4th 1076 .............................................................................................................. 8

*Illinois Nat. Ins. Co. v. Temian*,
 779 F. Supp. 2d 921 (N.D. Ind. 2011)......................................................................... 12

*Medeiros v. CTA Constr. Co., Inc.*,
 No. CV 17-10330-GAO, 2020 WL 3412773 (D. Mass. Feb. 26, 2020) ...................... 18

*Nat'l Union Fire Ins. Co. v. Miller*,
 192 Cal. App. 3d 866 (Ct. App. 1987) .......................................................................... 8

*No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*,
 320 F.3d 920 (9th Cir. 2003).......................................................................................... 6

*Northland Ins. Co. v. Barnhart Crane & Rigging Co.*,
 No. 12 C 5525, 2013 WL 6859279 (N.D. Ill. Dec. 30, 2013)....................................... 13

*Railhead Freight Systems, Inc. v. U.S. Fire Ins. Co.*,
 924 F.2d 994 (10th Cir. 1991)....................................................................................... 13

*Reserve Ins. Co. v. Pisciotta*,
 30 Cal.3d 800 (1982)....................................................................................................... 8

*Rosen v. State Farm Gen. Ins. Co.*,
 30 Cal. 4th 1070 (2003)................................................................................................. 16

*Rutman Wine Co. v. E. & J. Gallo Winery*,
 829 F.2d 729 (9th Cir. 1987)......................................................................................... 20

*Shaw v. Hahn*,
 56 F.3d 1128 (9th Cir. 1995).......................................................................................... 2

*Shwarz v. United States*,
 234 F.3d 428 (9th Cir. 2000).......................................................................................... 7

*St. Paul Fire & Marine Ins. Co. v. Ins. Co. of the State of Pennsylvania*,
 No. 15-CV-02744-LHK, 2016 WL 1191808 (N.D. Cal. Mar. 28, 2016) ...................... 18, 19

*State Farm Gen. Ins. Co. v. Phillips*,
 591 F. Supp. 3d 680 (C.D. Cal. 2022)........................................................................... 19

*Hawaii Laborers Pension Fund ex rel. THQ, Inc. v. Farrell*,
 No. CV0606935ODW(FMOX), 2007 WL 5255035 (C.D. Cal. Aug. 23, 2007)............. 6

*Total Call Internat. Inc. v. Peerless Ins. Co.*,
 181 Cal. App. 4th 161 (2010)......................................................................................... 8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS

*Twin City Fire Ins. Co. v. SLRA Inc.*,
  No. 19-CV-06131-JSC, 2020 WL 3035793 (N.D. Cal. June 5, 2020) .................................... 8

*U.S. v. Black*,
  482 F.3d 1035 (9th Cir. 2007) ................................................................................................ 2

*Urfano v. ADT Sec. Servs., Inc.*,
  No. CV1107946GAFSHX, 2012 WL 13009124 (C.D. Cal. Mar. 28, 2012) ........................... 7

*Veliz v. Cintas Corp.*,
  No. C 03-1180RS, 2009 WL 1107702 (N.D. Cal. Apr. 23, 2009) ........................................ 10

*Waller v. Truck Ins. Exch., Inc.*,
  11 Cal. 4th 1 (1995) ................................................................................................................ 8

*Waranch v. Gulf Ins. Co.*,
  218 Cal. App. 3d 356 (Ct. App. 1990) ..................................................................................... 8

*York Int'l Grp. v. Cincinnati Ins. Co.*,
  Civil A. No. 06–4778, 2007 WL 2667984 (E.D. Pa. 2007) ................................................... 18

*Zurich American Ins. Co. v. Key Cartage, Inc.*,
  236 Ill.2d 117 (Ill. S. Ct. 2009) ............................................................................................ 13

**Other Authorities**

Fed. R. Ev. 201 ................................................................................................................................ 9

Fed. R. Evid. 201(b) ........................................................................................................................ 2

Federal Rule of Civil Procedure 12(c) .................................................................................... 1, 2, 7

L.R. 7-3 ............................................................................................................................................ 1

Rule 12(b)(6) .................................................................................................................................... 7

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS

COMES NOW, defendant National Fire & Marine Insurance Company ("National"), and for its Points and Authorities in Support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), states as follows:

## I.     INTRODUCTION

In this insurance coverage action, plaintiff American Sentinel Insurance Company ("ASIC") seeks coverage on behalf of its insured, Big Brother Transportation, Inc. ("Big Brother"), pursuant to a policy issued by National (the "National Policy") to its insured, Tengfei Trucking Inc. ("Tengfei"), for claims arising from a tractor-trailer accident.  As demonstrated below, Big Brother is not an insured under the National policy and coverage is precluded as a matter of law. Moreover, the lease agreement between Tengfei and Big Brother is not an "insured contract" under the National Policy. Accordingly, judgment in favor of National and against ASIC is warranted.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 29, 2022.

## II.    STATEMENT OF FACTS

### A.     The Underlying Action

In its Complaint for Declaratory Relief and Equitable Contribution ("Complaint"), ASIC demands insurance coverage for its insured, Big Brother, in connection with an action pending before the U.S. District Court for the District of Arizona, styled *Zakeeius Leggions on behalf of Sophia Green, deceased, v. Yongchau Chen, et al.*, Case No. 3:21-cv-08057-JJT (the "Underlying Action").[1] Dkt. 1, at ¶ 1. Attached to ASIC's Complaint is the March 23, 2021 complaint filed in the Underlying Action ("Leggions Complaint"). Dkt. 1-1. Co-defendant Alfred Green's August 25, 2021 Amended Cross-Complaint in the Underlying Action ("Green's Cross-Complaint"), amended to correctly identify Big Brother (*see* Dkt. 40 in

---

[1] The claims in the Underlying Action were originally brought as state court actions before being removed and refiled. Dkt. 1, at ¶ 2, n.1.

Underlying Action), is attached to this motion as **Ex. A**; Big Brother's answer to the Leggions Complaint is attached to this motion as **Ex. B**; and Big Brother's answer to Green's Cross-Complaint is attached as **Ex. C** to this motion.[2]

### 1.   Allegations of The Leggions Complaint

The Underlying Action filed by Leggions arises from a March 15, 2020 commercial auto fatality accident in which a tractor-trailer driven by non-party Alfred Green rear-ended a tractor-trailer operated by Yongchau Chen. Dkt. 1-1. As it relates to Big Brother, Leggions alleges that either Big Brother or Tengfei owned the 2015 Volvo tractor (the "Tractor") and trailer ("Trailer") Chen was operating, and that Chen was acting in the course and scope of employment for one or both companies at the time of the accident.  Dkt. 1-1, at ¶ 17.

Leggions further alleges that Big Brother is a motor carrier for hire and that the Tractor and Trailer were being operated in furtherance of a commercial enterprise at the time of the accident. *Id*., at ¶¶ 21, 22. Leggions raises claims of negligence and wrongful death against Big Brother and seeks punitive relief. *Id*., at ¶ 27-37.

### 2.   Allegations of Green's Cross-Complaint

Green filed a Cross-Complaint, as amended, on August 25, 2021. *See* Ex. A. As it relates to Big Brother, Green alleges that Big Brother is a motor carrier for hire, doing business in California, which "made use of the roads and highways of the United States…" Ex. A, at ¶¶ 6, 23-25. Green further alleges that Big Brother operates commercial motor vehicles across the country, including the Trailer (*Id*., at ¶ 12), and

---

[2] In deciding a Rule 12(c) motion, a court may consider information properly subject to judicial notice as well as documents attached to the complaint. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999). National respectfully requests that the Court take judicial notice of Exs. A, B, and C attached to this motion, which are court records filed in the Underlying Action. *See* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (court may take judicial notice of documents on file in federal courts); *U.S. v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue."); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (the court "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(c) motion into a motion for summary judgment).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

that Chen was acting in the course and scope of his employment with Tengfei and Big Brother at the time of the accident. *Id*., at ¶ 21.

Green also alleges that the Tractor-Trailer was being operated "in furtherance of a commercial enterprise." *Id*., at ¶ 23. Green raises claims of negligence and wrongful death against Big Brother and seeks punitive relief. *Id*., at ¶¶ 30-39.

### 3.    Big Brother's Answers in the Underlying Action

Big Brother filed answers to the Leggions Complaint and Green's Cross-Complaint. *See* Ex. B and Ex. C. In its answers, Big Brother admits it is an interstate motor carrier for hire and that the trucks involved, including the Trailer, were being operated in furtherance of a commercial enterprise. Ex. B, at ¶¶ 21-23; Ex. C, at ¶¶ 23-25.

### B.    ASIC's Complaint

In its Complaint, ASIC alleges that Big Brother owned the Trailer and Tengfei owned the Truck involved in the accident. Dkt. 1, at ¶¶ 1-2. ASIC further alleges that, on the date of the accident, Big Brother was leasing its Trailer to Tengfei pursuant to a lease agreement which allegedly "required Tengfei to indemnify Big Brother for any losses or claims, and to carry insurance covering the trailer" (the "Lease Agreement"). *Id*., at ¶ 2; Dkt. 1-2. ASIC contends that Big Brother's "only connection" to the accident at issue was its role as "lessor" of the Trailer to Tengfei. Dkt. 1, at ¶ 7. Neither the Leggions Complaint nor Green's Cross-Complaint contains allegations with respect to the alleged Lease Agreement pertaining the Trailer or that Big Brother was a "lessor" of the Trailer.

ASIC also alleges that it issued a commercial auto liability policy to Big Brother (the "ASIC Policy"). Dkt. 1, at ¶6. However, the Trailer owned by Big Brother allegedly was not a scheduled covered auto under the ASIC Policy, and ASIC

therefore determined that the ASIC Policy does not provide Big Brother with respect to the Underlying Action. *Id*., at ¶6; Dkt. 1-4, at p. 23.[3]

ASIC alleges in conclusory fashion that Big Brother was not a "trucker" at the time of the accident, as that term is defined under the National Policy, and that Big Brother did not "hire" any auto in connection with the accident. Dkt. 1, at ¶¶ 7, 24-25. ASIC further contends that Big Brother is an "insured" under the National Policy and that it is owed coverage with respect to the Underlying Action. *Id*., at ¶¶ 20-21, 26. Finally, ASIC contends that Big Brother is owed coverage under the Lease Agreement, pursuant to which Tengfei allegedly "agreed to defend and indemnify" Big Brother and "committed to purchase insurance" covering Big Brother and the Trailer. *Id*., at ¶¶ 27-28.

**C.    The National and ASIC Policies**

National issued a truckers policy to Tengfei, number 72TRS099335, for the policy period beginning March 16, 2019 through March 16, 2020. Dkt. 1 at ¶ 19; Dkt. 1-3. The National Policy's insuring agreement provides that:

> [National] will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'.

Dkt. 1-3 at p. 22, Sect. II. A. The National Policy's Truckers Endorsement (*See id*., at pp. 16-20) modifies the Business Auto Coverage Form and sets forth the following definition of "Who is an Insured" under Liability Coverage:

> For any operations you engage in as a "trucker" the policy is changed as follows:
>
> *        *        *

---

[3] Throughout this memorandum, cites to pleadings which specify page numbers refer to ECF stamped page numbers.

**1. Who is an Insured**
    **a.** You for any covered "auto".

       \*      \*      \*

    c.  The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while that "trailer" is connected to another covered "auto" that is a power unit, …

Dkt. 1-3, at p. 18. The Policy defines "you" and "your" to mean named insured Tengfei. *Id.*, at p. 10, 21. The Tractor is identified on the National Policy's Schedule of Covered Autos. *Id.*, at p. 12.

    The "Who Is An Insured" provision in the Truckers Endorsement excludes certain types of parties from "insured" status, and states in relevant part:

       \*      \*      \*

    However, none of the following is an "insured":
    **a.** Any "trucker", or his or her agents or "employees", other than you and your "employees":

       \*      \*      \*

        **(2)** If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "trucker's" business and pursuant to operating rights granted to the "trucker" by a public authority.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS

*Id.*, at p. 18, Sect. a.(2).[4] The National Policy defines "trucker" as "any person or organization engaged in the business of transporting property by 'auto' for hire." Dkt. 1-3, at p. 20. "Auto" is defined as a "land motor vehicle, 'trailer' or semitrailer designed for travel on public roads" or "[a]ny other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged." *Id.*, at pp. 29-30.

ASIC issued named insured Big Brother Transportation, Inc. a package policy, number FCT002604-01, in effect between March 30, 2019 and March 30, 2020 ("ASIC Policy"); the ASIC Policy, Bates Labeled BBT000007 to BBT000081 is attached as Ex. D to this Motion.[5] *See* Ex. D at p. BBT000007. The ASIC Policy is subject to a Motor Carrier Liability Coverage Part. *See id.*, at p. BBT000010. The Declaration Page identifies Big Brother's "Business Description" as a "Commercial Motor Carrier." *Id.*, at p. BBT000007.

**D.     Tender of Defense to National and Declination of Coverage**

On behalf of Big Brother, ASIC tendered a claim for defense and indemnity with respect to the Underlying Action to National on October 23, 2020, contending that Big Brother was an insured under the National Policy. Dkt. 1, at ¶ 4; Dkt. 1-4. On March 2, 2022, National denied ASIC's tender of defense and indemnity. Dkt. 1-5.

---

[4] The Policy's Truckers Endorsement defines an "insured" with reference to five categories of persons or entities. Dkt. 1-3, at p. 18. This exception applies to all five categories. Accordingly, even assuming ASIC preliminarily qualified as an "insured" under one of those other categories, the exception to the "insured" definition would still apply to preclude coverage.

[5] National respectfully requests that the Court take judicial notice of Ex. D attached to this motion, which is the full text of the ASIC Policy, a document relied upon by ASIC and referenced in its Complaint and supporting documents. *See, e.g.* Dkt. 1 at ¶ 6; Dkt. 1-4, at p. 23. *See also No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003) (on considering motion to dismiss, judicial notice of full text of documents referenced in complaint is proper under doctrine of incorporation by reference); *see also, Hawaii Laborers Pension Fund ex rel. THQ, Inc. v. Farrell*, No. CV0606935ODW(FMOX), 2007 WL 5255035, at *3 (C.D. Cal. Aug. 23, 2007) (full text of documents referenced in complaint are proper subject of judicial notice and may be considered in ruling on motion to dismiss).

## III.   CHOICE OF LAW

California law applies in this diversity action which involves a California insured, Tengfei. *See* Dkt. 1-3, at p. 10, "Item One." "California has a very strong interest in regulating insurance contracts entered into with its own residents..." *Areeast River Sci. Park, LLC v. Lexington Ins. Co*., No. CV1301837BROJCGX, 2014 WL 12587051, at *6 (C.D. Cal. Mar. 27, 2014) (citing *Clemco Indus. v. Com. Union Ins. Co.,* 665 F. Supp. 816, 818 (N.D. Cal. 1987)). In *Clemco*, the Court ruled that "a California resident that employs California residents and pays taxes to California, [ ] has an expectation that California law will govern the insurance contracts it enters into within California." *Id*. Therefore, because the National policy was issued in California to a California insured, California law applies.

## IV.   LEGAL STANDARD

### A.   Judgment on the Pleadings

FED. R. CIV. P 12(c) provides: "After the pleadings are closed, – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard for deciding a motion for judgment on the pleadings under "Rule 12(c) is 'functionally identical' to [a motion under] Rule 12(b)(6)." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). A judgment on the pleadings is proper where no issues of material facts are in dispute and the moving party is entitled to judgment as a matter of law. *Fodrey v. City of Rialto,* No. 518CV02434SJOSPX, 2020 WL 1934975, at *2 (C.D. Cal. Mar. 31, 2020), aff'd, 860 F. App'x 505 (9th Cir. 2021). While "the court must accept all material allegations in the complaint as true, it need not accept as true conclusory allegations or legal characterizations." *Urfano v. ADT Sec. Servs., Inc*., No. CV1107946GAFSHX, 2012 WL 13009124, at *1 (C.D. Cal. Mar. 28, 2012). Similarly, the court need not accept as true allegations contradicted by judicially noticeable facts. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

### B.       Policy Interpretation and the Duty to Defend

In California, the interpretation of insurance policy language is a question of law. *Hartford Cas. Ins. Co. v. Corcino & Assocs.,* No. CV 13-3728 GAF JCX, 2013 WL 5687527, at *4 (C.D. Cal. Oct. 7, 2013. "In interpreting the language of an insurance policy, a court should give the words used their plain and ordinary meaning." *Twin City Fire Ins. Co. v. SLRA Inc*., No. 19-CV-06131-JSC, 2020 WL 3035793, at *2 (N.D. Cal. June 5, 2020).

"An insurance company has the right to limit the coverage of a policy issued by it. The plain language of the limitation must be respected." *Nat'l Union Fire Ins. Co. v. Miller*, 192 Cal. App. 3d 866, 872 (Ct. App. 1987). A court may not find coverage by "adopting a strained or absurd interpretation in order to create an ambiguity where none exists." *Waranch v. Gulf Ins. Co.*, 218 Cal. App. 3d 356, 359 (Ct. App. 1990), modified (Mar. 19, 1990); *Reserve Ins. Co. v. Pisciotta,* 30 Cal.3d 800, 807 (1982) (same); *Bay Cities Paving Grading, Inc. v. Lawyers' Mut. Ins. Co.* (1993) 5 Cal. 4th 854, 867 (1993)("[m]ultiple or broad meanings do not necessarily create ambiguity.").

"The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B*. 4 Cal. 4th 1076, 1081(1993). The party seeking coverage bears the burden of proving that its claim falls within a policy's insuring provisions. *See Waller v. Truck Ins. Exch., Inc*., 11 Cal. 4th 1, 16 (1995), as modified on denial of reh'g (Oct. 26, 1995). The absence of a duty to defend is established when the insurer shows that "the underlying claim [could] not come within the policy coverage by virtue of the scope of the insuring clause or the breadth of an exclusion." *Total Call Internat. Inc. v. Peerless Ins. Co*., 181 Cal. App. 4th 161, 167 (2010) (citing *Montrose Chemical Corp. v. Superior Court* 6 Cal.4th 287, 301(1993)).

## V.   ARGUMENT

### A.   Big Brother Is Not An "Insured" Under the Policy's Plain Language And, Therefore, No Coverage Is Owed

The Policy's insuring agreement provides that National will pay all sums an *"insured"* legally must pay as damages because of bodily injury to which the insurance applies. See Dkt. 1-3 at p. 22, Sect. II.A (emphasis added). In relevant part, the Policy excepts from the "insured" definition a "trucker" that fails to maintain primary hired autos coverage. Dkt. 1-3, at p. 18, (a)(2). As discussed throughout, Big Brother is a self-proclaimed "trucker" under the National Policy. Big Brother also did not maintain primary hired autos coverage of the type the Policy requires. Accordingly, under its plain language, Big Brother is not an "insured" under the Policy and no coverage is owed Big Brother for the Underlying Action. ASIC's Complaint must therefore be dismissed with prejudice.

#### 1.   Big Brother Qualifies as a "Trucker" under the Trucker's Endorsement

##### a)   Big Brother Admits That It Qualifies as a "Trucker"

The National Policy defines "trucker" as "any person or organization engaged in the business of transporting property by 'auto' for hire." Dkt. 1-3, at p. 20. In its answer to the Leggions Complaint and to Green's Cross-Complaint, Big Brother admits it is an interstate motor carrier for hire and that the trucks involved, including the Trailer, were being operated in furtherance of a commercial enterprise. Ex. B, at ¶¶ 21-23; Ex. C, at ¶¶ 23-25. Big Brother also admits that it is subject to Federal Motor Carrier Safety Administration ("FMCSA") regulations. See Dkt. 1-1, at ¶ 25; Ex. B, at ¶ 25. Finally, Big Brother was assigned U.S. Department of Transportation ("U.S. DOT") number 3112129 and interstate Operating Authority (Motor Carrier) number

MC00083240. *See* U.S. DOT Motor Carrier Details page for Big Brother, attached as Ex. E to this motion.[6]

Accordingly, there can be no reasonable question of fact that Big Brother is an "organization engaged in the business of transporting property by 'auto' for hire" and that Big Brother therefore falls within the plain, ordinary language of the Policy's definition of a "trucker."

### b) The Complaint and Cross-Complaint Filed in the Underlying Action Seek to Impose Liability on Big Brother in its Capacity as a "Trucker"

The Underlying Action seeks to impose liability on Big Brother based on the following allegations, all of which relate to Big Brother's role as a "trucker":

- Defendant Yongchao Chen was the driver of a 2015 tractor pulling an accompanying trailer believed to be owned by Defendants Tengfei Trucking, Inc. and/or Big Brother Transportation, Inc. Dkt. 1-1 at ¶17.

- Upon information and belief, Defendant Yongchao Chen was acting within the course and scope of his employment or under the direction and control of Defendants Tengfei Trucking, Inc. and/or Big Brother Transportation, Inc., such that legal liability is imputed to Defendants Tengfei Trucking, Inc. and/or Big Brother Transportation, Inc. under the doctrine of Respondeat Superior and agency principles for the acts of Defendant Yongchao Chen. Dkt. 1-1 at ¶17.

- Defendants Tengfei Trucking, Inc. and/or Big Brothers Transportation, Inc. was independently negligent in the hiring, training, retention, and/or supervision of Defendant Yongchao Chen which was a proximate cause of incident. *Id.* at ¶18.

---

[6] Ex. E is available through https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_carrlist (last visited Dec. 16, 2022), a website maintained by the U.S. DOT and the FMCSA. The Court may take judicial notice pursuant to Fed. R. Ev. 201 of publicly available records on government websites. *See Veliz v. Cintas Corp.*, No. C 03-1180RS, 2009 WL 1107702, at *3 (N.D. Cal. Apr. 23, 2009) (taking judicial notice of U.S. DOT and FMCSA documents); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (taking judicial notice of business entity profiles on California Secretary of State's website); *Daversa-Evdyriadis v. Norwegian Air Shuttle ASA*, No. EDCV 20-767-JGB(SPX), 2020 WL 5625740, at *1 (C.D. Cal. Sept. 17, 2020) (taking judicial notice of information obtained on U.S. DOT webpage). *See also supra* at n.2.

- Defendants Tengfei Trucking, Inc., Big Brothers Transportation, Inc. and Contract Freighters, Inc. are motor carriers and the trucks involved were being operated in further of a commercial enterprise. *Id*. at ¶21.

- Defendants Tengfei Trucking, Inc., Big Brothers Transportation, Inc. and Contract Freighters, Inc. are interstate motor carriers. *Id*. at ¶23.

- Defendants Tengfei Trucking, Inc., Big Brothers Transportation, Inc. and Contract Freighters, Inc. were carrying interstate freight. *Id*. at ¶24.

*       *       *

Green's Cross-Complaint makes similar allegations and states, in relevant part, *inter alia*:

- Cross-Claimant is informed, believes, and therefore alleges that Cross-Defendant Big Brother Trucking, Inc. […] is a motor carrier doing business in the state of California, and which made use of the roads and highways of the United States, including the State of Arizona, where the incident in question occurred. Ex. A at ¶ 6.

- Cross-Defendants had a duty to exercise the degree of care that a reasonably careful and prudent professional motor carrier and operator would use to avoid harm to others under similar circumstances. *Id*. at ¶ 18.

- Cross-Defendants Tengfei Trucking, Inc and Big Brother Transportation, Inc. are motor carriers and the said Cross-Defendants' tractor-trailers involved in the incident were being operated in furtherance of a commercial enterprise. *Id*. at ¶ 23.

- Cross-Defendants Tengfei Trucking, Inc and Big Brother Transportation, Inc. are contract motor carriers for hire which perform services under negotiating contracts between said Cross-Defendants and other entities. Ex. A at ¶ 24.

- Cross-Defendants Tengfei Trucking, Inc and Big Brother Transportation, Inc. were interstate motor carriers at the times relevant to this cross claim. *Id*. at ¶ 25.

- Cross-Defendants Tengfei Trucking, Inc and Big Brother Transportation, Inc. were carrying interstate freight at the times relevant to this cross claim. *Id*. at ¶ 26.

- The Federal Motor Carriers Safety Administration (FMCSA) regulations under CFR, Title 49, Parts 382-399, apply to these Cross-Defendants and

the violation of those regulations that occurred at the relevant times in this cross claim constituted negligence per se. *Id*. at ¶ 27.

\*   \*   \*

Accordingly, Big Brother's potential liability under the Leggions Complaint and Green's Cross-Complaint filed in the Underlying Action arise out of Big Brother's role as a "trucker."

### 2.   As a "Trucker" Without the Requisite "Hired Autos" Coverage, Big Brother is Not an "Insured" under the National Policy.

The National Policy contains a reciprocity clause, pursuant to which the following are not "insureds":

\*   \*   \*

However, none of the following is an "insured":

**a.**   Any "trucker", or his or her agents or employees", other than you and your "employees":

\*   \*   \*

**(2)**   If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "trucker's" business and pursuant to operating rights granted to the "trucker" by a public authority."

\*   \*   \*

Dkt. 1-3, at p. 18. Per the reciprocity clause's plain meaning, a trucker seeking coverage is not an "insured" unless that trucker maintains the stated reciprocal hired autos coverage. Such reciprocal insurance provisions are routinely enforced by courts. *See e.g., Illinois Nat. Ins. Co. v. Temian*, 779 F. Supp. 2d 921, 926 (N.D. Ind. 2011) (interpreting identical reciprocity clause, finding that insurer of owner of trailer involved in accident had no of duty to defend driver of tractor pulling trailer who was not insured under insurance policy of owner of tractor); *Northland Ins. Co. v. Barnhart Crane & Rigging Co.*, No. 12 C 5525, 2013 WL 6859279, at *8 (N.D. Ill. Dec. 30, 2013) (granting insurer's motion for judgment on the pleadings based in part on identical reciprocity clause); *Zurich American Ins. Co. v. Key Cartage, Inc.*, 236 Ill.2d 117, 123 (Ill. S. Ct. 2009) (same); *Railhead Freight Systems, Inc. v. U.S. Fire Ins. Co.*, 924 F.2d 994 (10th Cir. 1991) (enforcing similar reciprocity clauses, noting that "both policies deny coverage to other truckers that do not supply primary insurance for the owners of leased vehicles the truckers use in their businesses.").

Big Brother is not  an "insured" because ASIC's available liability coverage fails to satisfy section a.(2)'s requirements, namely: 1) primary auto coverage; 2) to owners of hired autos (and their employees and agents);  3) when those hired autos are used exclusively in Big Brother's trucking business. Rather, although ASIC provides some form of hired autos coverage, that coverage is subject to limitations and conditions that National's Policy does not allow.

First, owners of hired autos and their employees are insureds under the ASIC Policy, but only under certain circumstances. That Policy states:

**1.  Who is an Insured**

The following are "insureds":

\*        \*        \*

c.   The owner or anyone else from whom you hire or
borrow a covered "auto" that is a "trailer" while the

"trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

d.   The lessor of a covered "auto" that is not a trailer or any "employee", agent, or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire. [7]

\*     \*     \*

Ex. D at BBT000019.

Similarly, ASICs "Other Insurance" provision, which establishes priority of coverage when Big Brother hires an auto, also limits when primary liability coverage is available:

\*     \*     \*

5.   **Other Insurance-Primary and Excess Insurance Provisions**

\*     \*     \*

b.   While any covered "auto" is hired or borrowed by you from another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

(1)  Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

---

[7] "You" means named insured Big Brother. Ex. D at pp. BBT000007, BBT000017.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

(2) Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

\*   \*   \*

Ex. D at p. BBT000027. Whether an owner is an insured and whether the ASIC Policy is primary for hired autos is contingent on the existence of certain indemnification language in the written agreement between Big Brother and the subject owner/lessor. Section a(2) of the National Policy does not allow for contingencies, qualifications, or conditions on the hired autos coverage that Big Brother must have. *See* Dkt. 1-3 at p. 18. Because the ASIC Policy does not qualify as the reciprocal hired autos coverage that the National Policy requires,[8] Big Brother is not an "insured."

### 3. Big Brother's Alleged "Lessor" Status Does Not Implicate Coverage

In an effort to avoid the reciprocity clause's plain meaning, ASIC alleges in the Complaint that "Big Brother was not *acting as* a 'trucker' in *connection with* this haul [during which the accident occurred]," but merely leased the trailer to Tengfei.[9] Dkt. 1, at ¶ 25 (emphasis added). Even assuming ASIC's assertion is true, the reciprocity clause does not require that Big Brother's liability in the Underlying Action be tied to its trucking operations for the clause to apply. The language very simply requires that if Big Brother qualifies as a "trucker," which it admittedly does, Big Brother must maintain hired autos coverage to retain "insured" status under the National Policy. The clause does not, as ASIC would like this Court to believe, include any requirement that there be a "connection" between Big Brother's role as a trucker and

---

[8] Big Brother has not asserted that it maintained hired autos coverage with any other carrier.

[9] The Leggions Complaint and Green's Cross-Complaint filed in the Underlying Action make no mention of a lease between Big Brother and Tengfei and do not refer to Big Brother as a "lessor." *See* Dkt. 1-1 and Ex. A, generally.

the particular "haul" that gives rise to Big Brother's underlying liability. If the contracting parties had intended such a limitation, they would have included it in the Policy.

By attempting to "connect" the definition of "trucker" to the specific circumstances and time of the accident at issue in the Underlying Action, ASIC is improperly narrowing the language set forth in the National Policy. California law is very clear that "a court cannot rewrite the policy and bind an insurer to cover a risk that it did not contemplate covering…" *Gutowitz v. Transam. Life Ins. Co*., 126 F. Supp. 3d 1128, 1137 (C.D. Cal. 2015). The National Policy does not tie the definition of "trucker" to any particular location or to any particular circumstances, nor should this Court read such language into the policy. *See Rosen v. State Farm Gen. Ins. Co*., 30 Cal. 4th 1070, 1073 (2003) ("[W]e do not rewrite any provision of any contract, [including an insurance policy], for any purpose." (citing *Certain Underwriters at Lloyd's of London v. Superior Court,* 24 Cal. 4th 945, 968 (alterations in original)).

### B. The Lease Agreement Does Not Qualify as an "Insured Contract"

ACIS further asserts that National owed Big Brother a defense because the lease agreement between Big Brother and Tengfei ("Lease Agreement") qualifies as an "insured contract" under National's Policy. Dkt. 1 at ¶¶ 2, 28. The National Policy excludes coverage for liability that Tengfei assumes under "contract or agreement." Dkt. 1-3 at p. 23. The following is a limited exception to the contractual liability exclusion:

$$* \qquad * \qquad *$$

But this exclusion does not apply to liability for damages:
    (a) Assumed in a contract or agreement that is an "insured contract" provided the "bodily in- jury" or "property damage" occurs subsequent to the execution of the contract or agreement; . . .

1

\*      \*      \*

2

Dkt. 1-3 at p. 23. The National Policy defines an "insured contract," in relevant part,

3

as:

4

\*      \*      \*

5

6

     5.  That part of any other contract or agreement pertaining

7

         to your business (including an indemnification of a

8

         municipality in connection with work performed for a

         municipality) under which you assume the tort liability

9

         of another to pay for "bodily injury" or "property

10

         damage" to a third party or organization. Tort liability

         means a liability that would be imposed by law in the

11

         absence of any contract or agreement;

12

     6.  That part of any contract or agreement entered into, as

13

         part of your business, pertaining to the rental or lease,

         by you or any of your "employees", of any "auto".

14

         However, such contract or agreement shall not be

15

         considered an "insured contract" to the extent that it

16

         obligates you or any of your "employees" to pay for

         "property damage" to any "auto" rented or leased by

17

         you or any of your "employees."

18

\*      \*      \*

19

Dkt. 1-3 at p. 31. ASIC asserts that the Lease Agreement between Tengfei and Big

20

Brother qualifies as an "insured contract." Dkt. 1 at ¶¶ 27-28; Dkt. 1-4 at pp. 26-28.

21

ASIC specifically points to the indemnity provision that requires Tengfei, *inter alia*,

22

to "indemnify and hold [Big Brother] and [Big Brother's] property, free and harmless

23

from liability" arising from Tengfei's use of the leased trailer.  See Dkt. 1 at ¶ 2; Dkt.

24

1-2 at p. 4.

25

      ASIC's position, however, ignores that an "insured contract" does not include

26

the following:

27

\*      \*      \*

28

An "insured contract" does not include that part of any contract or agreement:

\*       \*       \*

c.  That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

\*       \*       \*

Dkt. 1-3, at p. 31. The Lease Agreement falls squarely within this exception, to wit: the Least Agreement requires Tengfei to hold harmless a person or organization in the business of transporting property for hire, i.e. Big Brother, from Tengfei's use of an "auto" over a route or territory that Big Brother is authorized to serve by public authority. Accordingly, the Lease Agreement is not an "insured contract" under the Policy.[10]

---

[10] To be clear, neither Big Brother, nor ASIC as its subrogee, even have standing to assert that the Lease Agreement is an insured contract. A party not in privity of contract with an insurer lacks standing to resolve rights and obligations under an insurance policy. *Airborne Am., Inc. v. Kenway Composites,* 554 F. Supp. 3d 1066, 1071 (S.D. Cal. 2021); *Gumapac v. Deutsche Bank Nat. Tr. Co.,* No. 2:11-CV-10767-ODW, 2012 WL 3150657, at *6 (C.D. Cal. July 30, 2012) ("Third parties generally do not have enforceable contract rights unless the third party was an *intended* third-party beneficiary of the contract."); *Fireman's Fund Ins. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1292 (1998) ("[A]n insurer cannot acquire by subrogation anything to which the insured has no rights, and may claim no rights which the insured does not have."). Big Brother and ASIC are neither contracting parties nor intended third-party beneficiaries under the National Policy. Although California does not appear to have squarely addressed this issue, several jurisdictions have held that an indemnitee does not have standing to argue for coverage under a purported "insured contract." *See, e.g. Dhein v. Frankenmuth Mut. Ins. Co.*, 950 N.W.2d 861, 876 (Wis. App. Ct. 2020) (landlord had no standing under direct-action statute to seek coverage from tenant's insurer for tenant's contractual indemnity obligations); *York Int'l Grp. v. Cincinnati Ins. Co.*, Civil A. No. 06–4778, 2007 WL 2667984 (E.D. Pa. 2007) (fact that policy contains "insured contract" clause does not manifest sufficient intent to confer third-party beneficiary status on party with whom named insured had an indemnity agreement); *Medeiros v. CTA Constr. Co., Inc.,* No. CV 17-10330-GAO, 2020 WL 3412773, at *8 (D. Mass. Feb. 26, 2020) (duty to defend or indemnify does not extend to entities who enter into "insured contracts"). These holdings are consistent with the California law cited herein.

### C. ASIC Lacks Standing to Seek Equitable Contribution

ASIC's complaint attempts to assert an equitable contribution claim purportedly arising from National's declination of coverage. Dkt. 1 at ¶¶ 35-41. Under California law, a claim under equitable contribution arises when one co-insurer has paid more than its proportionate share of a loss. *St. Paul Fire & Marine Ins. Co. v. Ins. Co. of the State of Pennsylvania*, No. 15-CV-02744-LHK, 2016 WL 1191808, at *6 (N.D. Cal. Mar. 28, 2016) (citing *Fireman's Fund Ins. Co. v. Com. & Indus. Ins. Co.*, No. C-98-1060VRW, 2000 WL 1721080, at *3 (N.D. Cal. Nov. 7, 2000)). For two insurers to be considered co-insurers, such that equitable contribution might apply, the two insurers must "share the same level of obligation on the same risk as to the same insured." *St. Paul Fire* at *6. Here, National and ASIC are neither insurers nor co-insurers of Big Brother with respect to the Underlying Action. As demonstrated above, Big Brother is not an insured under the National Policy and, as ASIC itself alleges, Big Brother is not an insured under its policy.

Even assuming *arguendo* that Big Brother were afforded coverage under the National Policy, National would still not share the same level of obligation to Big Brother as ASIC. Under these circumstances, equitable contribution is not available to ASIC.

### D. National Has No Duty to Indemnify Big Brother; In the Alternative, a Finding on Indemnity is Premature

Under California law, if there is no duty to defend, there is no duty to indemnify. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, No. 2:19-CV-04352-R-PLA, 2019 WL 4462613, at *4 (C.D. Cal. Sept. 10, 2019), aff'd, 994 F.3d 1032 (9th Cir. 2021).As set forth above, National has no duty to defend Big Brother and therefore has no duty to indemnify. In the alterative, should this court find a duty to defend, the issue of indemnity is not ripe. *See State Farm Gen. Ins. Co. v. Phillips*, 591 F. Supp. 3d 680, 691 (C.D. Cal. 2022) ("[T]he question whether an insurer has a duty to indemnify the insured on a particular claim is ripe for consideration only if the insured

has already incurred liability in the underlying action.") (citing *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1, 108 (1996). A duty to indemnify is based on the actual liability imposed on a putative insured. *Id*. A finding on indemnity would, therefore, be premature because the Underlying Action against Big Brother is ongoing.

### E. Any Request to Amend to the Complaint Should be Denied as Futile

A Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). There are no additional factual allegations of which ASIC might avail itself to plead its way into coverage. And, no additional factual allegations would change the plain meaning of the National Policy or change this Court's analysis. To the extent ASIC may seek to amend its Complaint, that request should be denied as futile.

## VI. CONCLUSION

WHEREFORE, for all of the reasons set forth above, National respectfully requests that this Court enter an order granting National's Motion for Judgment on the Pleadings, dismissing this action with prejudice, and granting any other relief the Court deems just and proper.

Dated:      December 20, 2022            COZEN O'CONNOR

                                        By: _____
                                        Michael W. Melendez
                                        Attorneys for Defendant
                                        National Fire & Marine Insurance
                                        Company

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant National Fire & Marine Insurance Company, certifies that this brief contains 6,245 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 20, 2022        By: _____

Michael W. Melendez

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS