Clarice A. Spicker, Bar #029964
Robert E.M. Smith, Bar #022283
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone:  (602) 263-1706
Fax:  (602) 200-7810
cspicker@jshfirm.com
rsmith@jshfirm.com

Attorneys for Big Brother Transportation, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Zakeeius Leggions, individually and on behalf of the statutory beneficiaries of Sophia Green, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Yongchau Chen and Jane Doe Chen, husband and wife; Tengfei Trucking, Inc., a foreign corporation; Big Brother Trucking, Inc., a foreign corporation; Alfred Green; Contract Freighters, Inc., a foreign corporation; John and Jane Does 1-5; and ABC Corporations 1-5,<br><br>Defendants.<br><hr>Big Brother Transportation, Inc.,<br><br>Cross-Claimant,<br><br>v.<br><br>Tengfei Trucking, Inc.,<br><br>Cross-Defendant. | No. 3:21-cv-08057-JJT<br><br>Defendant Big Brother Transportation, Inc.'s Answer to Alfred Green's Cross-Complaint |

51

Alfred Green,

                    Cross-Claimant,

        v.

Yongchau Chen and Jane Doe Chen, husband and wife; Tengfei Trucking, Inc., a foreign corporation; Big Brother Trucking, Inc., a foreign corporation; John and Jane Does 1-5; and ABC Corporations 1-5,

                    Cross-Defendants.

Defendant Big Brother Transportation, Inc. ("Big Brother"), by and through undersigned Counsel, hereby admits, denies, and alleges as follows for its Answer to Alfred Green's ("Green") Cross-Complaint. Big Brother denies any allegation not specifically admitted herein.

Big Brother denies each and every, all and singular, of the allegations contained in Green's Cross-Complaint and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pled to.

**I.**
**PARTIES AND SERVICE**

1. In response to Paragraph 1 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore takes no position on the biographical information pending further discovery. Defendant denies the remaining allegations contained therein.

2. In response to Paragraph 2 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore takes no position pending further discovery.

3. Answering Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of Green's Cross-Complaint and therefore takes no position pending further discovery.

2

4.  In response to Paragraph 4 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore takes no position pending further discovery.

5.  In response to Paragraph 5 of Green's Cross-Complaint, Answering Defendant admits the allegations asserted therein.

6.  In response to Paragraph 6 of Green's Cross-Complaint, Answering Defendant admits the allegations asserted therein.

7.  In response to Paragraph 7 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore takes no position pending further discovery.

**II.**
**VENUE AND JURISDICTION**

8.  In response to Paragraph 8 of Green's Cross-Complaint, Answering Defendant admits the allegations contained therein.

**III.**
**STATUS OF THE CROSS-CLAIMANT**

9.  In response to Paragraph 9 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore denies the allegations asserted therein.

10. In response to Paragraph 10 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

**IV.**
**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. In response to Paragraph 11 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore takes no position pending further discovery.

12. In response to Paragraph 12 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

3

13.  In response to Paragraph 13 of Green's Cross-Complaint, Answering Defendant admits the allegations as to location, time and Green rear-ending the trailer owned by Big Brother and leased to Tengfei, but denies the remaining allegations contained therein.

14.  In response to Paragraph 14 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore takes no position pending further discovery.

15.  In response to Paragraph 15 of Green's Cross-Complaint, Answering Defendant admits the allegations asserted therein.

16.  Answering Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Green's Cross-Complaint and therefore takes no position pending further discovery.

17.  In response to Paragraph 17 of Green's Cross-Complaint, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted therein, and therefore takes no position pending further discovery.

**V.**
**CROSS-CLAIMANT'S CLAIMS OF**
**NEGLIGENCE AGAINST CROSS-DEFENDANTS**

18. No affirmative response is required for Paragraph 18 of Green's Cross-Complaint, to the extent a response is needed, Answering Defendant was not functioning as a motor carrier operator or in management of any motor carrier operator and therefore denies the allegations therein.

19.  In response to Paragraph 19 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

20.  In response to Paragraph 20 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

21.  In response to Paragraph 21 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

4

22.  In response to Paragraph 22 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

23.  In response to Paragraph 23 of Green's Cross-Complaint, Answering Defendant admits it is a Motor Carrier, but denies the remaining allegations asserted therein because it had no "operational" involvement in the underlying event.

24.  In response to Paragraph 24 of Green's Cross-Complaint, Answering Defendant admits the allegations asserted therein.

25.  In response to Paragraph 25 of Green's Cross-Complaint, Answering Defendant admits the allegations asserted therein.

26.  In response to Paragraph 26 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein insofar as it was not involved in "carrying" any freight relative to the underlying event.

27.  In response to Paragraph 27 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

28.  In response to Paragraph 28 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

29.  In response to Paragraph 29 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

**VI.**
**DAMAGES SOUGHT BY ALFRED GREEN**

30. Answering Defendant incorporates by this reference paragraphs 1 – 29 above, as if fully set forth herein.

31. In response to Paragraph 31 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

32. No affirmative response is required for Paragraph 32 of Green's Cross-Complaint, to the extent a response is needed, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in

5

Paragraph 32 of Green's Cross-Complaint, and therefore takes no position pending further discovery.

## VII.
### DAMAGES SOUGHT BY CROSS-CLAIMANT, AS THE RESULT OF THE WRONGFUL DEATH OF SOPHIA LORRAINE GREEN

33. Answering Defendant incorporates by this reference paragraphs 1 – 32 above, as if fully set forth herein.

34. In response to Paragraph 34 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

35. Answering Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of Green's Cross-Complaint and therefore takes no position pending further discovery.

## VIII.
### SECOND CAUSE OF ACTION FOR WRONGFUL DEATH

36. Answering Defendant incorporates by this reference paragraphs 1 – 35 above, as if fully set forth herein.

37. In response to Paragraph 37 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

## IX.
### THIRD CAUSE OF ACTION FOR PUNITIVE DAMAGES

38. Answering Defendant incorporates by this reference paragraphs 1 – 37 above, as if fully set forth herein.

39. In response to Paragraph 39 of Green's Cross-Complaint, Answering Defendant denies the allegations asserted therein.

40. In response to Paragraph 40 of Green's Cross-Complaint, Answering Defendant admits the assertions therein.

6

56

## AFFIRMATIVE DEFENSES

1. As and for a separate defense and in the alternative, Answering Defendant alleges, upon information and belief, that Cross-Claimant Green has failed to mitigate its damages or avoid consequences leading to Cross-Claimant's alleged injuries by failing to utilize a properly equipped safety restraint device, all of which bars or reduces recovery to the Cross-Claimant from Answering Defendant.

2. As and for a separate defense and in the alternative, Answering Defendant alleges that Cross-Claimant was contributorily negligent and/or any injuries received by the Cross-Claimant were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than Answering Defendant, all of which bars recovery to the Cross-Claimant herein from Answering Defendant.

3. As and for a separate defense and in the alternative, Answering Defendant alleges that Cross-Claimant was negligent, in whole or in part, thereby reducing or eliminating any damages owing by Answering Defendant by way of comparative negligence.

4. As and for a separate defense, and in the alternative, Defendant alleges that if, indeed, it is determined to be liable for the allegations contained in Green's Cross-Complaint, then Defendant is entitled to contribution from other defendants, named and unnamed, by way of the doctrine of contribution.

5. As and for a separate defense, and in the alternative, Defendant alleges that a party, not named as a defendant in this suit, was at fault for Green's accident, and should this matter go to trial, fault will be apportioned to this unnamed defendant.

6. As and for a separate defense, and in the alternative, Defendant alleges Green assumed the risk of his damages, acted in direct and intentional violation of Arizona, and acted intentionally and knowingly, jeopardizing his safety and well-being, all of which bars or reduces recovery to Green from Defendant.

7. As and for a separate defense, and in the alternative, Defendant alleges the imposition of punitive damages under Arizona law violates the Equal Protection Clause

7

of the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Contract clause, in each of the following ways:

a.    Arizona law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injuries thereby violating the Fourteenth Amendment of the United States Constitution.

b.    Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

c.    The award of any punitive damages without certain safeguards to guard the jury's discretion in determining the amount of damages is contrary to due process under the Fourteenth Amendment of the United States Constitution.

d.    Arizona does not provide a reasonable limit on the amount of any punitive damage award thus violating the Fourteenth Amended of the United States Constitution.

8.    Although Answering Defendant does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Cross-Claimant upon notice that Defendant hereby raises the following defenses which, through subsequent discovery may, indeed, be supported by the facts:  lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, insufficiency of process, and insufficiency of service of process, and waiver.

WHEREFORE, having fully answered Green's Cross-Complaint, Answering Defendant prays that same be dismissed, and that Answering Defendant be awarded its costs and attorney's fees incurred herein.  Answering Defendant demands a jury trial as to all triable issues.

8

DATED this 11th day of August, 2021.

JONES, SKELTON & HOCHULI, P.L.C.

By */s/ Robert E.M. Smith*
Clarice A. Spicker
Robert E.M. Smith
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Big Brother Transportation, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

*/s/ Rebecca Camelio*

9

59