UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Judgment on the Pleadings filed by defendant National Fire & Marine Insurance Company ("National" or "Defendant") (Docket No. 24). Also before the Court is a Motion for Summary Judgment filed by plaintiff American Sentinel Insurance Company ("ASIC" or "Plaintiff") (Docket No. 25). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for January 30, 2023, is vacated, and the matters taken off calendar.

**I.   Factual and Procedural Background**

This is an insurance coverage dispute between two insurance companies over which the Court possesses diversity jurisdiction. ASIC commenced this suit against National seeking declaratory relief and contribution. ASIC issued a commercial auto liability policy to Big Brother Trucking Inc. ("Big Brother"). Big Brother leased a trailer to Tengfei Trucking Inc. ("Tengfei"). The lease agreement between Big Brother and Tengfei requires Tengfei to maintain insurance and to "indemnify and hold [Big Brother] and [Big Brother's] property, free, and harmless from any liability for losses, claims, injury to or deaht of any person . . . arising from [Tengfei] using and possessing the Equipment . . . ." National issued a commercial auto liability policy to Tengfei in Rancho Cucamonga, California. On March 15, 2020, a driver for Tengfei was involved in an automobile accident that resulted in a fatality. At the time of the accident, Tengfei's truck, a 2015 Volvo power unit, was attached to the trailer Tengfei had leased from Big Brother.

Tengfei and Big Brother have been named as defendants in an underlying personal injury action pending in the United States District Court for the District of Arizona. Big Brother tendered its defense of the underlying action to Tengfei and National on multiple occasions in 2020, 2021, and early 2022. National has denied coverage for Big Brother. ASIC has funded Big Brother's defense in the underlying action and has, to date, expended $246,733.44 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

defense costs on behalf of Big Brother. In this action, ASIC contends that Big Brother is entitled to coverage as an insured under the policy National issued to Tengfei, that National, and not ASIC, is the primary insurer under the terms of National's policy and California law, and, as an additional basis for coverage, that the indemnity agreement between Tengfei and Big Brother is an "insured contract" that obligates National to defend Big Brother in the underlying action.

The National policy issued to Tengfei provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." The National policy includes a "Truckers Endorsement" that modifies various provisions of the policy and includes within its definition of an "Insured":

> c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected.

The National policy states that the coverage it provides "is primary for any covered 'auto' while hired or borrowed by you and used exclusively in your business as a 'trucker' and pursuant to operating rights granted to you by a public authority."

National does not dispute that the Volvo power unit involved in the accident is a covered "auto," that Tengfei hired or borrowed Big Brother's trailer, and that the trailer was connected to the power unit at the time of the incident. Instead, National contends that Big Brother is otherwise excluded from coverage based on an exception to the definition of "Insured" contained in the Truckers Endorsement's "Reciprocity" clause. That exception states:

> However, none of the following is an "insured":
> a. Any "trucker", or his or her agents or "employees", other than you and your "employees":
> . . .
> (2) If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "trucker's" business and pursuant to operating rights granted to the "trucker" by a public authority.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

The National policy defines "trucker" as "any person or organization engaged in the business of transporting property by 'auto' for hire."

ASIC's policy issued to Big Brother, as National admits, provides auto liability insurance. ASIC's policy includes, in its definition of "Insureds":

> c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.
> d. The lessor of a covered "auto" that is not a trailer or any "employee", agent, or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

According to National, the ASIC policy does not satisfy the requirements of National's reciprocity clause because ASIC's coverage is subject to an "Other Insurance" provision that transforms the primary auto liability coverage provided by ASIC's policy into excess coverage if Big Brother leases an "auto" that is not a trailer (i.e., a power unit) and the written agreement between Big Brother and the lessor requires the lessor to hold Big Brother harmless.

The National policy generally excludes coverage for liability that Tengfei assumes under "contract or agreement," but that exclusion does not apply to liability for damages "[a]ssumed in a contract or agreement that is an 'insured contract' provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement." The National policy defines an "insured contract," in relevant part, as:

> 5. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

      6.      That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto".  However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees."

Under the National policy, an "insured contract" does not include "that part of any contract or agreement . . . [t]hat holds a person or organization engaged in the business of transporting property by 'auto' for hire harmless for your use of a covered 'auto' over a route or territory that person or organization is authorized to serve by public authority."

**II.**    **Legal Standard**

    **A.**    **Motion for Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  In ruling on a motion for judgment on the pleadings brought pursuant to Rule 12(c), "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).  Rule 12(c) is "functionally identical" to Rule 12(b)(6) and the same standard "applies to motions brought under either rule."  Cafasso ex rel. United States v. General Dynamics C4 Systems, Inc., 637 F.2d 1047, 1055 n.4 (9th Cir. 2011).  Therefore, whether brought under Rule 12(b)(6) or Rule 12(c), the pleadings must satisfy the "plausibility standard" in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | | Date | January 26, 2023 |
|---|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | | |

will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). Indeed, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Id. at 561, 127 S. Ct. at 1968 (internal quotation omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, 896 F.2d at 1550. Alternatively, the Court has discretion to grant leave to amend and may dismiss claims rather than grant judgment on a Rule 12(c) motion. See Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. San Francisco Unified School Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

### B. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Id. at 324. The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir 1999). A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir), cert denied, 493 U.S. 809, 110 S. Ct. 51, 107 L. Ed. 2d 20 (1989) (emphasis in original, citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631-32 (9th Cir 1987). The court must view the inferences drawn from the facts "in the light most favorable to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

nonmoving party." Id. at 631 (citation omitted).  Thus, reasonable doubts about the existence of a factual issue should be resolved against the moving party.  Id. at 630-31.  However, when the non-moving party's claims are factually "implausible, that party must come forward with more persuasive evidence than would otherwise be [required] . . . ." California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir 1987), cert denied, 484 U.S. 1006, 108 S. Ct. 698, 98 L. Ed. 2d 650 (1988) (citation omitted).  "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." Id.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

**III.    General Principles of Insurance Coverage Law**

Insurance policies providing liability insurance "provide that the insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for a covered claim." Aerojet-General Corp. v. Transport Indem. Co., 17 Cal. 4th 38, 56, 70 Cal. Rptr. 2d 118, 128 (1997).  An insurer's duty to indemnify "runs to claims that are actually covered, in light of the facts proved.  It arises only after liability is established and as a result thereof." Id.  Liability insurance policies also contain "a duty to defend the insured in any action brought against the insured seeking damages for a covered claim." Id. at 57-58, 70 Cal. Rptr. 2d at 129.  "[T]he insurer's duty to defend is broader than its duty to indemnify." Buss v. Superior Court, 16 Cal. 4th 35, 46, 65 Cal. Rptr. 2d 366, 373 (1997).  The duty to defend "entails the rendering of a service, viz., the mounting and funding of a defense, which is not limited, expressly or otherwise, in order to avoid or at least minimize liability." Aerojet-General, 17 Cal. 4th at 58, 70 Cal. Rptr. 2d at 129 (citations omitted).  The duty to defend "runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed.  It arises as soon as tender is made, before liability is established and apart therefrom." Id., 70 Cal. Rptr. 2d at 129-30 (citations omitted).  An insurer's duty to defend "is triggered if specified harm may possibly have been caused by an included occurrence, so long as at least some such harm may possibly have resulted within the policy period." Id., 70 Cal. Rptr. 2d at 130.  "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy.  Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1081, 17 Cal. Rptr. 2d 210, 214 (1993) (quoting Gray v. Zurich Ins. Co., 65 Cal. 2d 263, 276, 54 Cal. Rptr. 104, 112 (1966)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

"An insurance policy is interpreted according to the plain meaning a layperson would ordinarily give it unless the parties used a word or phrase in a technical sense or it has special meaning due to usage." Employers Mut. Cas. Co. v. Philadelphia Indem. Ins. Co., 169 Cal. App. 4th 340, 348, 86 Cal. Rptr. 3d 383, 390 (2008). "Ambiguities or uncertainties are resolved against the insurance company so that, if feasible, the policy will indemnify the loss to which the insurance relates. These rules exist to protect the insured's reasonable expectation of coverage. Coverage clauses are interpreted broadly and exclusionary clauses are interpreted narrowly." Id. "'[A]lthough exclusions are construed narrowly and must be proven by the insurer, the burden is on the insured to bring the claim within the basic scope of coverage, and (unlike exclusions) courts will not indulge in a forced construction of the policy's insuring clause to bring a claim within the policy's coverage.'" Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 16, 44 Cal. Rptr. 2d 370, 376-77 (1995) (quoting Collin v. Am. Empire Ins. Co., 21 Cal. App. 4th 787, 803, 26 Cal. Rptr. 2d 391, 398-99 (1994)).

**IV.     Analysis**

ASIC first contends that National erroneously denied coverage to Big Brother under National's policy because Big Brother falls within an exclusion for coverage as a "trucker" based on the National policy's definition of "trucker." According to ASIC, because Big Brother was not acting as a "trucker" during the underlying incident, and only as the lessor of the trailer, it should not be considered a "trucker" and the exclusion does not apply in the first instance. The Court rejects this argument because it appears undisputed that Big Brother does act as a "trucker" in other circumstances and therefore falls within the National policy's definition of "trucker." As a result, Big Brother is covered under the National policy as a "trucker" only if Big Brother maintains insurance "for hired 'autos' under an 'auto' liability insurance form that insures on a primary basis the owners of the 'autos' and their agents and 'employees' while the 'autos' are being used exclusively in the 'trucker's' business and pursuant to operating rights granted to the 'trucker' by a public authority."

The parties cite to no California case law interpreting the reciprocity clauses in the parties' respective policies, and the out-of-state cases cited by the parties do not address the issue presented in this dispute. Even without binding or persuasive authority, however, the Court concludes that, under the general principles of California law concerning the interpretation of insurance contracts, coverage provisions, and exclusions, the ASIC policy issued to Big Brother provides the primary auto liability insurance required by the National policy to bring Big Brother within the exception to the National policy's exclusion for "truckers."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

      In reaching this conclusion, the Court rejects National's argument that the ASIC's "other insurance" provision, which transforms, in limited circumstances that do not apply here involving a lessor contractually agreeing to hold Big Brother harmless when it acts as a lessee, ASIC's primary coverage into excess coverage, is sufficient to disqualify the ASIC policy from satisfying the requirements of the National policy's reciprocity clause.  The National policy does not require that the reciprocal policy provide primary coverage in all circumstances without limitations or exclusions.[1/]  It only requires that Big Brother maintain insurance "for hired 'autos' under an 'auto' liability insurance form that insures on a primary basis the owners of the 'autos' and their agents and 'employees' while the 'autos' are being used exclusively in the 'trucker's' business and pursuant to operating rights granted to the 'trucker' by a public authority."  ASIC's policy provides that coverage, and Big Brother is therefore an insured under National's policy.[2/]

      According to the National policy, for those qualifying as "insureds" under the National policy, the coverage National provides is primary.  Specifically, the National policy provides that the coverage it provides "is primary for any covered 'auto' while hired or borrowed by you and used exclusively in your business as a 'trucker' and pursuant to operating rights granted to you by a public authority."  National, and not ASIC, is therefore obligated to defend Big Brother in the underlying litigation and ASIC is entitled to equitable indemnification from National in the amount that ASIC has expended to defend Big Brother.  See Travelers Indem. Co. v. Navigators Specialty Ins. Co., 70 Cal. App. 5th 341, 365, 285 Cal. Rptr. 3d 289, 309-10 (2021) ("If a claim for equitable indemnity can be based on a carrier's obligation to pay a settlement on behalf of an insured, we perceive no reason why paying defense costs would not also be sufficient to give rise to a claim for equitable indemnity, as long as the carrier believes that another carrier should have been the party to make those payments.").

---

[1/]    Instructively, the primary auto liability insurance provided by the National policy is itself subject to numerous qualifications, limitations, and exclusions, as this litigation exemplifies.  There is no reason to conclude that those exceptions would, under ordinary circumstances, jeopardize coverage for a National policy holder under another insurer's reciprocity clause.

[2/]    The Court reaches this conclusion without applying any burden shifting triggered by the general principles of insurance contract provisions that read insuring clauses broadly and exclusions narrowly.  Whether the limitation on the definition for "insureds" that applies to "truckers," is considered a portion of the insuring clause or an exclusion, the Court would reach the same conclusion:  the limitation on coverage for "truckers" does not apply to Big Brother because it maintains the required primary auto liability insurance.  The Court therefore denies as moot National's Motion to Strike New Argument or, in the Alternative, Request for Leave to File Sur-Reply (Docket No. 32).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2602 PA (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | American Sentinel Insurance Company v. National Fire & Marine Insurance Company | | |

Because the underlying litigation has not been resolved, and there has been no final determination of facts related to the collision, or how those facts may implicate National's duty to indemnify Big Brother under National's policy, the Court concludes that any determination concerning National's duty to indemnify is not currently ripe. See Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co., 45 Cal. App. 4th 1, 108, 52 Cal. Rptr. 2d 690, 744 (1996) ("[T]he question whether an insurer has a duty to indemnify the insured on a particular claim is ripe for consideration only if the insured has already incurred liability in the underlying action."). The Court therefore declines to address issues related to National's potential obligation to indemnify Big Brother in this action.

Although ASIC alternatively contends that National is also obligated to defend Big Brother because Big Brother's contract with Tengfei requires Tengfei to hold Big Brother harmless, the Court concludes that even if ASIC has standing to pursue a claim on behalf of Big Brother under National's "insured contract" coverage, there is no coverage for Big Brother under that coverage provision. Specifically, the National policy excludes from the definition of an "insured contract" "that part of any contract or agreement . . . [t]hat holds a person or organization engaged in the business of transporting property by 'auto' for hire harmless for your use of a covered 'auto' over a route or territory that person or organization is authorized to serve by public authority." For much the same reason that the Court concluded that Big Brother is a "trucker" under the terms of the National policy, it is also a "organization engaged in the business of transporting property by "auto' for hire" and the underlying litigation involves a route or territory through which Big Brother "is authorized to serve by public authority." Even if Big Brother was not engaged in such transporting at the time, it still is authorized to do so, and therefore the contract between it and Tengfei under which Tengfei agreed to hold Big Brother harmless is not an "insured contract" under National's policy.

## Conclusion

For all of the foregoing reasons, the Court grants ASIC's Motion for Summary Judgment and denies National's Motion for Judgment on the Pleadings. The Court concludes that National's policy provides primary coverage for Big Brother in the underlying litigation and that National owes a duty to defend Big Brother in that litigation. Additionally, National must, under controlling equitable principles, compensate ASIC for the defense costs that ASIC has expended on behalf of Big Brother. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.