**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN SENTINEL INSURANCE COMPANY,<br><br>           Plaintiff-Appellee,<br><br> v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>           Defendant-Appellant. | No.   23-55175<br><br>D.C. No.<br>2:22-cv-02602-PA-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 8, 2024[**]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Defendant-Appellant National Fire & Marine Insurance Company ("National") appeals the district court's order granting Plaintiff-Appellee American Sentinel Insurance Company's ("ASIC") motion for summary judgment and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying National's cross-motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's interpretation of the insurance policies de novo, *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999), and we affirm.

California law governs our interpretation of the insurance policies at issue. Under California law, courts "look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995); *accord Emps. Mut. Cas. Co. v. Phila. Indem. Ins. Co.*, 169 Cal. App. 4th 340, 348 (2008) ("An insurance policy is interpreted according to the plain meaning a layperson would ordinarily give it unless the parties used a word or phrase in a technical sense or it has special meaning due to usage."). An insurance policy must "be construed in a manner which gives meaning to all its provisions in a natural, reasonable, and practical manner, having reference to the risk and subject matter and to the purposes of the entire contract." *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1169 (1991).

As an initial matter, we conclude that Big Brother Transportation, Inc. ("Big Brother") falls within the definition of "insured" in National's insurance policy ("National Policy") for Tengfei Trucking, Inc. ("Tengfei"). The National Policy defines "insured" to include "[t]he owner or anyone else from whom you hire or

2

borrow a covered 'auto' that is a 'trailer' while the 'trailer' is connected to another covered 'auto' that is a power unit." A layperson would understand that definition to mean that a trailer owner is an "insured" if it (1) leases or lends a, (2) covered, (3) trailer, (4) to a National policyholder, (5) while that trailer is connected to a covered, (6) tractor. Big Brother satisfies those six conditions. Big Brother leased a trailer to Tengfei, a National policyholder. It is undisputed that Tengfei attached Big Brother's trailer to Tengfei's 2015 Volvo tractor, a covered auto under the National Policy. When Tengfei attached Big Brother's trailer to Tengfei's covered tractor, the trailer became a covered auto because it was a trailer that Tengfei did not own but attached to a covered tractor. Putting this all together, Big Brother leased a covered trailer to Tengfei that Tengfei connected to a covered tractor. It follows that, while Big Brother's trailer was connected to Tengfei's tractor, Big Brother was an "insured" under the National Policy.

      The question, therefore, is whether any exceptions to the National Policy's definition of "insured" apply to Big Brother. National contends that one exception—the Truckers Exception—applies such that Big Brother is not an "insured." The Truckers Exception provides that a "trucker" is not an "insured" "[i]f the 'trucker' is not insured for hired 'autos' under an 'auto' liability insurance form that insures on a primary basis the owners of the 'autos' . . . while the 'autos' are being used exclusively in the 'trucker's' business and pursuant to operating

3

rights granted to the 'trucker' by a public authority." Contrary to National's suggestion, the Truckers Exception does not apply here.

First, the Truckers Exception's plain language applies only where Tengfei loans or leases an auto that it owns *to* a trucker. Indeed, the most natural and logical reading of the Truckers Exception is that it serves to protect National when Tengfei loans or leases autos or trailers that Tengfei owns. *See Fireman's Fund*, 234 Cal. App. 3d at 1169. In those instances, the Truckers Exception establishes that a trucker who borrows an auto from Tengfei is not an "insured" under the National Policy if it does not have reciprocal primary coverage that protects Tengfei and, by extension, National. But that is not what happened here. Here, Tengfei leased a trailer *from* Big Brother. It follows that the Truckers Exception does not apply.

Yet, even if we assume that the Truckers Exception can apply when Tengfei hires or borrows an auto *from* a trucker, we conclude that the Truckers Exception does not apply to Big Brother because Big Brother has the requisite reciprocal hired auto insurance coverage. A layperson would understand the exception to apply where (1) a trucker, (2) does not have hired auto coverage, (3) that is primary, (4) for the hired auto's owner, (5) while the trucker is exclusively using the auto in its business, (6) pursuant to operating rights granted by a public authority. *See Waller*, 11 Cal. 4th at 18. The exception does not apply to Big

4

Brother because Big Brother's auto insurance policy—the ASIC Policy—insures on a primary basis the owners of hired autos. Like the National Policy, the ASIC Policy defines "insured" to include "[t]he owner or anyone else from whom [Big Brother] hire[s] or borrow[s] a covered 'auto' that is a 'trailer' while the 'trailer' is connected to another covered 'auto' that is a power unit . . . ." Further, the ASIC Policy's Other Insurance provision provides that the hired auto coverage is "[p]rimary if a written agreement between the other 'motor carrier' as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered 'auto' is used exclusively in your business as a 'motor carrier' for hire." Taken together, these provisions illustrate that Big Brother *is* "insured for hired 'autos' under an 'auto' liability insurance form that insures on a primary basis the owners of the 'autos,'" such that the Truckers Exception does not apply to it.

    **AFFIRMED.**